UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Gulan Liao

                    Plaintiff,

v.                                                                     Case No.:
                                                                     1:24−cv−00147

                                                                      Honorable
                                                                      LaShonda A. Hunt

The Individuals, Corporations, Limited Liability
Companies, Partnerships, and Unincorporated
Associations Identified on Schedule A to the Complaint,
et al.

                                                             Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, February 2, 2024:

      MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's motion for leave to file under seal [3] is granted in part and denied in part. Schedule A [4], amended Schedule A [9], and the Liao Affidavit and Exhibits [12−1][12−2][12−3][12−4] reflecting activity of the defendant internet stores shall remain sealed until further court order. However, Plaintiff has not established any basis for sealing its patent information [5][6] or briefs in support of an *ex parte* TRO [10][11][12]. See Union Oil Co. of Cal. v. Leavell, 220 F.3d 562, 567−68 (7th Cir. 2000) ("Many a litigant would prefer that the subject matter of a case... be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."). The Clerk of Court is directed, forthwith, to unseal Exhibit 1 [5], Exhibit 2 [6], and the motions for temporary restraining order [10][11]. Plaintiff is ordered to file its memorandum in support of TRO [12] separately on the public docket by 2/6/24. Plaintiff names 67 defendants in this single case and seeks ex parte relief against each of them [11]. However, after reviewing the complaint [1], the Court questions whether plaintiff has established sufficient grounds for joinder of all defendants under Fed. R. Civ. P. 20(a)(2). See Estee Lauder Cosmetics, Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule "A," 334 F.R.D. 182 (N.D. Ill. 2020); Art Ask Agency v. Individuals, Corps. Ltd. Liab. Cos., P'ships and Unincorporated Ass'ns Identified on Schedule "A," 21−cv−06197, 2021 WL 5493226 (N.D. Ill. Nov. 23, 2021); Bose Corp. v. P'ships and Unincorporated Ass'ns Identified on Schedule "A," 334 F.R.D. 511 (N.D. Ill. 2020). By 2/15/24, Plaintiff is ordered to file a supplemental memorandum that refers to specific facts alleged in its filings and provides citations to specific screenshots associated with each amended Schedule A defendant to demonstrate that joinder is proper. Alternatively, by the same deadline, plaintiff may file under seal a second amended schedule A with a subset of the defendants and an amended declaration that explains how each of these defendants is properly joined with each other. Any amended declaration must attach labeled exhibits that contain screenshots or other information specific only to the

defendants listed on second amended Schedule A. Plaintiff's motion for a TRO [11] (which appears to be a duplicate of the motion at [10]) and motion for service by publication [13] will remain under advisement until the joinder issue is resolved. Emailed notice. (cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.